UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=====================================================X

MASOOD HYDER, as Administrator of the
Estate of MOHAMED HYDER, Deceased,

                                          Plaintiff[s],

-against-

STEVE J. KURUVILLA, M.D., ANDREW FRANCIS,
M.D., STONY BROOK PSYCHIATRIC ASSOC.,
"EDMUND MURPHY, R.N." (*identified as person
signing "Final Progress Note / Discharge Orders"
and "Individual Discharge Order Plan" in Stony Brook
Univ. Hosp. medical records on 12/21/07*), and "JANE
DOE, L.C.S.W." (*name fictitious, full identity currently
unknown, identified only as mental health care
professional signing "Social Work Progress Note" in
Stony Brook Univ. Hosp. medical records on 12/21/07,
at 17:30*),

                                          Defendant[s].

=====================================================X

**08 CIV. 6446**

COMPLAINT

**JUDGE ROBINSON**

Plaintiff MASOOD HYDER, as Administrator of the Estate of MOHAMED HYDER, by his attorneys, THE LAW FIRM OF JOSEPH LANNI, P.C., complaining of the defendants, respectfully shows to this Court and alleges, upon information and belief, as follows:

PARTIES

1.     That at all times hereinafter mentioned, the plaintiff's decedent, MOHAMED HYDER, was domiciled in the County of Westchester, State of New York.

1

2. That at all times hereinafter mentioned, the plaintiff, MASOOD HYDER, resided in the County of Westchester, State of New York.

3. That on or about February 20, 2008, the plaintiff, MASOOD HYDER, was issued Limited Letters of Administration for the Estate of MOHAMED HYDER, Deceased, by the Surrogate's Court, Westchester County, State of New York and, by issuance of these letters, was appointed administrator of the decedent's estate.

4. That at all times hereinafter mentioned, defendant STONY BROOK PSYCHIATRIC ASSOCIATES was a university faculty practice corporation with business activities and operations, including a medical practice, located in the State of New York.

5. That at all times hereinafter mentioned, defendant STONY BROOK PSYCHIATRIC ASSOCIATES was a university faculty practice corporation registered with the New York Department of State.

6. That at all times hereinafter mentioned, defendant STONY BROOK PSYCHIATRIC ASSOCIATES was a domestic corporation organized and existing pursuant to the laws of the State of New York.

7. That at all times hereinafter mentioned, defendant STONY BROOK PSYCHIATRIC ASSOCIATES held itself out to the public as a medical practice

in which members of the public, including MOHAMED HYDER, could receive care and treatment in a competent, safe manner and in accordance with applicable professional standards of accepted medical, psychiatric, nursing and/or mental health care practice.

8. That at all times hereinafter mentioned, defendant STONY BROOK PSYCHIATRIC ASSOCIATES provided physicians and medical personnel, including attending psychiatrists, psychiatric residents, psychologists, social workers, nursing staff, physicians' assistants, mental health care professionals, and other employees, for the work-up, care and treatment of patients, including MOHAMED HYDER.

9. That at all times hereinafter mentioned, defendant STONY BROOK PSYCHIATRIC ASSOCIATES employed defendants KURUVILLA, FRANCIS, "MURPHY" and/or "DOE" among other mental health professionals.

10. That at all times hereinafter mentioned, defendant STONY BROOK PSYCHIATRIC ASSOCIATES was affiliated with defendants KURUVILLA, FRANCIS, "MURPHY" and/or "DOE", among other mental health professionals, in the form of an agency relationship with the individual defendants acting as employees, agents, contractors, subcontractors, shareholders, officers and/or directors of this corporate defendant.

11. That at all times hereinafter mentioned, defendants STONY BROOK PSYCHIATRIC ASSOCIATES, KURUVILLA, FRANCIS, "MURPHY" and "DOE" maintained their offices for the practice of medicine, psychiatry, nursing, and/or mental health care services at Stony Brook Health Sciences Center, L5 Rm 48, Stony Brook University, Stony Brook, N.Y. 11794, and/or Stony Brook University Hospital.

12. That at all times hereinafter mentioned, defendant STEVE J. KURUVILLA, M.D., was a physician duly licensed to practice medicine in the State of New York.

13. That at all times hereinafter mentioned, defendant STEVE J. KURUVILLA, M.D., was a physician practicing medicine in the State of New York.

14. That at all times hereinafter mentioned, defendant STEVE J. KURUVILLA, M.D., was a physician specializing in the field of psychiatry who held himself out to the general public as being competent in the diagnosis, care and treatment of patients, and as being able to treat patients in general, and MOHAMED HYDER in particular, in accordance with standards of accepted medical and psychiatric care and practice.

15. That at all times hereinafter mentioned, defendant ANDREW FRANCIS, M.D., was a physician duly licensed to practice medicine in the State of New York.

16. That at all times hereinafter mentioned, defendant ANDREW FRANCIS, M.D., was a physician practicing medicine in the State of New York.

17. That at all times hereinafter mentioned, defendant ANDREW FRANCIS, M.D., was a physician specializing in the field of psychiatry who held himself out to the general public as being competent in the diagnosis, care and treatment of patients, and as being able to treat patients in general, and MOHAMED HYDER in particular, in accordance with standards of accepted medical and psychiatric care and practice.

18. That at all times hereinafter mentioned, defendant "EDMUND MURPHY, R.N", was a registered nurse duly licensed to practice in the State of New York.

19. That at all times hereinafter mentioned, defendant "EDMUND MURPHY, R.N", was a registered nurse engaged in psychiatric nursing care practicing in the State of New York.

20. That at all times hereinafter mentioned, defendant "EDMUND MURPHY, R.N", was a registered nurse specializing in psychiatric nursing care who held himself out to the general public as being competent in the diagnosis, care and treatment of patients, and as being able to treat patients in general, and MOHAMED

5

HYDER in particular, in accordance with applicable professional standards of accepted medical, psychiatric, nursing and/or mental health care practice.

21. That at all times hereinafter mentioned, defendant "JANE DOE, L.C.S.W.", was a certified social worker and/or mental health care professional licensed to practice in the State of New York.

22. That at all times hereinafter mentioned, defendant "JANE DOE, L.C.S.W.", was a certified social worker and/or mental health care professional practicing in the State of New York.

23. That at all times hereinafter mentioned, defendant "JANE DOE, L.C.S.W.", was a certified social worker and/or mental health care professional specializing in the field of psychiatric care who held herself out to the general public as being competent in the diagnosis, care and treatment of patients, and as being able to treat patients in general, and MOHAMED HYDER in particular, in accordance with applicable professional standards of accepted medical, psychiatric, nursing and/or mental health care practice.

## JURISDICTION

24. That the jurisdiction of this Court is premised upon the diversity of citizenship among the parties.

25. Plaintiff MASOOD HYDER is a citizen of India currently residing temporarily in the United States on an "N8" Visa as a retired United Nations official, spouse of a United Nations employee and the parent of children entering the United States as family members of United Nations personnel.

26. Plaintiff's decedent MOHAMED HYDER was a citizen of the United Kingdom domiciled in the United States as a family member of United Nations personnel.

27. Defendants are residents of the State of New York with their principal and actual places of business in that state.

28. That the matter in controversy exceeds, exclusive of interest and costs, the sum specified by *28 U.S.C. §1332 (i.e.:* $75,000.00).

## VENUE

29. That the venue of this action is premised upon the fact that plaintiff MASOOD HYDER currently resides in Scarsdale, N.Y., within this district, that plaintiff's decedent MOHAMED HYDER resided in Scarsdale, N.Y., within this district, that the transactions and occurrences that form the basis of the plaintiff's Complaint took place, in part, within this district and, in their entirety, in the State of New York.

## JURY DEMAND

30. That plaintiffs demand trial by jury of all issues presented in this action that are triable as of right by a jury pursuant to *Fed. R. Civ. P. 38 (a)*.

## FIRST CAUSE OF ACTION

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 30 inclusive with the same force and effect as though fully stated and set forth at length herein.

32. That in or about the period December 11 – 21, 2007, and for some time prior thereto and subsequent thereto, with regard to certain signs, symptoms and complaints relating to his medical condition, MOHAMED HYDER came under the care of the defendants and/or their employees, agents, contractors and/or subcontractors at Stony Brook University Hospital, Stony Brook, N.Y. 11794.

33. That at all times hereinafter mentioned, it was the duty of the defendants and/or their employees, agents, contractors and/or subcontractors to render medical, psychiatric, nursing, and/or mental health care and services in accordance with applicable professional standards of good and accepted medical, psychiatric, nursing, and/or mental health care practice in the treatment of patients in general, and of MOHAMED HYDER in particular.

34. That the work-up, diagnosis, care and treatment rendered to MOHAMED HYDER by the defendants and/or their employees, agents, contractors and/or subcontractors during the period December 11 – 21, 2007, as well as prior and subsequent to that period of time, was rendered in an improper, negligent and careless manner and failed to adhere to applicable professional standards of good and accepted medical, psychiatric, nursing, and/or mental health care practice.

35. That at all times hereinafter mentioned, the care and treatment rendered by the defendants and/or their employees, agents, contractors and/or subcontractors employees, at various times during the period December 11 – 21, 2007, and for some time prior and subsequent thereto, was additionally negligent and failed to adhere to applicable professional standards of accepted medical, psychiatric, nursing and/or mental health care practice in the following manner: failed to properly assess the patient's psychiatric condition, mental status, suicide risk factors, and suicidality; failed to make a proper and complete diagnosis; failed to consider, heed, appreciate and take into account the warnings and assessments of other treating mental health care professionals concerning the patient's condition and treatment requirements; failed to consider, heed, appreciate and take into account the necessity for the patient to receive daily psychiatric care at an inpatient and/or hospitalization level; prematurely discharged the patient from the hospital; and failed to discharge the patient with a proper and adequate post-discharge treatment plan.

36. That by reason of the aforesaid negligence and medical malpractice of the defendants, MOHAMED HYDER was caused to suffer from conscious pain and suffering including the following: exacerbation of suicidality; exacerbation of signs and symptoms of major depression; exacerbation of acute psychopathology; and recurrence of suicidal plan formulation.

37. That by reason of the aforesaid negligence and medical malpractice of the defendants, MOHAMED HYDER was caused to become hopeless, despondent, acutely anxious, impulsive, unstable, and engage in active suicidal planning and activities, and subsequently sustained acute toxic substance ingestion and progressive asphyxiation.

38. That the plaintiff's injuries were caused solely and wholly by virtue of the negligence and malpractice of the defendants and/or their employees, agents, contractors and/or subcontractors and were in no way contributed to by MOHAMED HYDER.

39. That by reason of the foregoing, MASOOD HYDER, as Administrator of the Estate of MOHAMED HYDER, Deceased, is entitled to monetary damages for the decedent's non-economic and economic injuries.

## SECOND CAUSE OF ACTION

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 39 inclusive with the same force and effect as though fully stated and set forth at length herein.

41. That by reason of the foregoing negligence and malpractice of the defendants, plaintiff's decedent MOHAMED HYDER died on December 23, 2007.

42. That plaintiff's decedent MOHAMED HYDER, died survived by distributees.

43. That by reason of the foregoing negligence and malpractice of the defendants, the distributees were deprived of the future services, income, and support of MOHAMED HYDER.

44. That by reason of the foregoing negligence and malpractice of the defendants, the distributees were caused to incur funeral and burial expenses and related medical expenses in connection with the death of MOHAMED HYDER.

45. That by reason of the foregoing, MASOOD HYDER, as Administrator of the Estate of MOHAMED HYDER, Deceased, on behalf of the decedent's distributees, is entitled to monetary damages for the non-economic and economic injuries sustained as a result of the death of MOHAMED HYDER.

**WHEREFORE**, plaintiff MASOOD HYDER, as Administrator of the ESTATE of MOHAMED HYDER, Deceased, by his attorneys, THE LAW FIRM OF JOSEPH LANNI, P.C., hereby demands judgment against the defendants in the amount of $5,000,000.00 compensatory damages in the first cause of action, and in the amount of $5,000,000.00 compensatory damages in the second cause of action, together with the costs and disbursements of this action and the interest imposed thereon.

Dated: Larchmont, New York
       July 17, 2008

                                    Yours, etc.,

                                    **JOSEPH LANNI**      (JL 4234)
                                    The Law Firm Of
                                    JOSEPH LANNI, P.C.
                                    Attorneys for Plaintiffs
                                    MASOOD HYDER,
                                    Administrator of the ESTATE of
                                    MOHAMED HYDER, Deceased,
                                    138 Chatsworth Avenue, Suites 6 – 8
                                    Larchmont, New York 10538
                                    Tel.: (914) 834-6600
                                    Fax: (914) 834-0152

TO:

STEVE J. KURUVILLA, M.D.
Stony Brook Health Sciences Center
L5 Rm 48
Department of Psychiatry Offices
Stony Brook University Hosp.
Stony Brook, N.Y. 11794

ANDREW FRANCIS, M.D.
Stony Brook Health Sciences Center
L5 Rm 48
Department of Psychiatry Offices
Stony Brook University Hosp.
Stony Brook, N.Y. 11794

STONY BROOK PSYCHIATRIC ASSOC.
Stony Brook Health Sciences Center
L5 Rm 48
Department of Psychiatry Offices
Stony Brook University Hosp.
Stony Brook, N.Y. 11794

"EDMUND MURPHY, R.N."
Stony Brook Health Sciences Center
L5 Rm 48
Department of Psychiatry Offices
Stony Brook University Hosp.
Stony Brook, N.Y. 11794

"JANE DOE, L.C.S.W."
Stony Brook Health Sciences Center
L5 Rm 48
Department of Psychiatry Offices
Stony Brook University Hosp.
Stony Brook, N.Y. 11794

## DECLARATION

JOSEPH LANNI hereby declares, pursuant to *28 U.S.C. § 1746*, that the foregoing is true and correct:

That prior to the commencement of this action, the undersigned consulted with physicians whose medical specialties encompass the medical care and treatment and/or medical conditions at issue in this action and which make them knowledgeable about those issues, for the purpose of making a reasonable inquiry, as permitted by the circumstances then and there existing, as to whether there are grounds to believe that there are meritorious claims of malpractice against the named defendants, that the named defendants in this action were negligent in the care and treatment rendered to plaintiff's decedent and that such negligence caused injuries and death to plaintiff's decedent and the plaintiff's damages. On the basis of such consultations, the undersigned has concluded that there is a good faith basis to commence this action against the named defendants.

Dated: Larchmont, New York
July 17, 2008

JOSEPH LANNI          (JL 4234)