UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MASOOD HYDER, as Administrator of
the Estate of MOHAMED HYDER, Deceased,
                        Plaintiff,

            - against-

STEVE J. KURUVILLA, M.D., ANDREW
FRANCIS, M.D., STONY BROOK
PSYCHIATRIC ASSOC., "EDMUND
MURPHY, R.N."*(identified as person
signing "Final Progress Note/Discharge
Orders" and "Individual Discharge Order Plan"
in Stony Brook Univ. Hosp. medical records
on 12/21/07), and "JANE DOE, L.C.S.W."
(name fictitious, full identity currently
unknown, identified only as mental health
care professional signing "Social Work
Progress Note" in Stony Brook Univ.
Hosp. medical records on 12/21/07,
at 17:30),*

                        Defendants.
--------------------------------------------------------X

**INTERROGATORIES**

Docket No.: 08 CIV 6446

Judge Robinson

## DEFENDANTS ANDREW FRANCIS, M.D. AND STONY BROOK PSYCHIATRIC ASSOCIATES, U.F.P.C.'s FIRST SET OF INTERROGATORIES TO PLAINTIFF MASOOD HYDER, as Administrator of the ESTATE OF MOHAMED HYDER, Deceased

PLEASE TAKE NOTICE that defendants, **ANDREW FRANCIS, M.D. AND STONY BROOK PSYCHIATRIC ASSOCIATES, U.F.P.C.**, by and through counsel, LEWIS JOHS AVALLONE AVILES, LLP and pursuant to Fed. R. Civ. P. 33 and Local Civil Rule 33.3, requests that plaintiff answer the following interrogatories within thirty (30) days after service.

## INSTRUCTIONS AND DEFINITIONS

A.    These interrogatories are continuing in character so as to require you to file supplemental answers if you, your attorneys, investigators, agents, employees or other representatives obtain further or different information before trial

B.    Where the name or identity of a person in requested, please state the full name, home address, and business address, if known.

C.    Unless otherwise indicated, these interrogatories refer to the time, places and circumstances of the occurrences mentioned or complained of in the plaintiff's Complaint.

D.    Where knowledge or information in possession of a party is requested, such request includes knowledge of a party's agents, representatives and, unless privileged, his/her attorneys.

E.    "DOCUMENT" includes the original and any non-identical copy (whether different from the original because of notes made on such copy or otherwise) of all written, typed, printed, recorded or graphic matter of every type and description, whether draft or final, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, but not limited to, all writings, correspondence, e-mails, bulletins, instructions, charts, literature, work assignments, contracts, agreements, notes, notebooks, microfilm, photographs, tapes, pamphlets, dat sheets, work sheets, statistics, minutes of meetings, letters, memoranda, reports, transcripts of telephone conversations, summaries, books, diaries, sound recordings, data compilations from which information can be obtained or can be translated through detection devices into reasonably usable form, and all other documentary material of any nature whatsoever, together with any attachments thereto or enclosures therewith.

F.    If any document called for by an interrogatory is withheld because a party or a

party's counsel claims such document is privileged:

      (I)     Identify and generally describe each such document; and

      (ii)    State the basis upon which the privilege is claimed.

   G.     "PHOTOGRAPHS," include negatives, prints, transparencies, slides, motion pictures, drawings, paintings, videotapes and any other means of depicting a person or object.

   H.     "PERSON," means the plural as well as the singular and includes any natural person and any firm, corporation, association, joint venture, partnership or other entity.

   I.     "IDENTIFY," means:

      (I)     when referring to an natural person or persons, state the full name, age, address of last known residence and principal place of business of each such person, and a description of their business affiliation and position during the period to which the interrogatory refers;

      (ii)    when used with reference to a business organization or entity, state the full name of such organization or entity, the address of its principal place of business and a description of the nature of the business during the period to which the interrogatory refers;

      (iii)   when used with reference to a document, state:

          (a)    the type of document, its date and the stated subject matter or general subject matter;

          (b)    the full name, address and position of the person in charge of preparing each such document and of the person who signed each such document;

          (c)    the date or dates of preparation thereof;

        (d)     the full name and position of each person to whom such written matter was distributed; and

   (iv)    when used with reference to an oral discussion, conversation or communication, state the date upon which the discussion, conversation or communication occurred, the place where it occurred, identify each person who participated therein or who was present when it was made, state its substance and identify each document which, in whole or in part, refers to said oral communication.

J.     Whenever an interrogatory asks for the identity of any document, you may, in lieu of identifying the document, produce the document for inspection and copying with an identification of the interrogatory to which the document responds.

K.    Where information is requested which is personal to, or within the sole knowledge of, one person, provide the information requested, and indicate which person the information is personal to, or within the sole knowledge of. If personal to more than one person, or within the knowledge of more than one person, provide the answer requested, identifying the information pertaining to each such person, or to each such person's knowledge.

L.     "OR" and "AND" shall mean "AND/OR."

M.    Singular shall refer to the plural and plural to the singular whenever applicable.

N.     The term "deceased" refers to MOHAMED HYDER.

O.     The term "funeral" refers to the funeral of the deceased, as well as any other event connected to the burial

P.     "YOU" or "YOUR" includes the plaintiff, his agents, representatives and employees, attorneys, and anyone else acting on his behalf.

**INTERROGATORY NO. 1**

State the address, social security number and date of birth of the plaintiff.

**INTERROGATORY NO. 2**

State the social security number and date of birth of the decedent, as well as his address at the time of death.

**INTERROGATORY NO. 3**

Set forth the familial relationship between the decedent and the plaintiff.

**INTERROGATORY NO. 4**

State the identity of each distributee as set forth in paragraphs 42 through 45 of the complaint.

**INTERROGATORY NO. 5**

For each distributee listed in response to interrogatory 3 above, set forth their address, social security number, date of birth and familial relationship to the deceased.

**INTERROGATORY NO. 6**

For each distributee, set forth the basis of each claim of damage, including the amount claimed by each distributee, the category of damage claimed by each distributee, and a computation of each category of damage alleged..

**INTERROGATORY NO. 7**

For each distributee, set forth whether the distributee had an expectation to receive moneys from the decedent in the future if the decedent had not died, and if the answer is yes, state the basis for such belief and the amount the distributee expected to receive.

**INTERROGATORY NO. 8**

Set forth the amount expended on the funeral of the decedent, and provide all documentation evidencing the cost and payment of the funeral expenses.

**INTERROGATORY NO. 9**

Set forth the name of all witnesses with knowledge of information relevant to the subject matter

of the action.

**INTERROGATORY NO. 10**

Identify all relevant documents, physical evidence or information of a similar nature, and state

the custodian and location of each such document or evidence.

Dated: Melville, New York
      August 27, 2008


                    LEWIS JOHS AVALLONE AVILES, LLP
                    Attorneys for Defendants
                    ANDREW FRANCIS, M.D. and "STONY BROOK
                    PSYCHIATRIC ASSOCIATES, U.F.P.C.,
                    s/h/a STONY BROOK PSYCHIATRIC ASSOC."
                    425 Broad Hollow Road, Suite 400
                    Melville, New York 11747-4712
                    (631) 755-0101

                    By: _____
                        MICHAEL T. COLAVECCHIO (MC5765)


TO:


The Law Firm of
JOSEPH LANNI, P.C.
Attorneys for Plaintiffs
138 Chatsworth Avenue, Suite 6-8
Larchmont, New York 10538
(914) 834-6600
(914) 834-0152